UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

~~CLARKSVILLE DIVISION~~

CASE NO.:

CALEB BASTIAN AND COREY VAYENS,

        Plaintiff,

vs.

NOVA VAPORS, LLC AND
BUCKLEY JOE PEPPER

        Defendants

_____/

# COMPLAINT
*[Jury Trial Demanded]*

    Plaintiffs, CALEB BASTIAN AND COREY VAYENS, for their Complaint against Defendants, NOVA VAPORS, LLC and BUCKLEY JOE PEPPER state and allege the following:

### SUMMARY

1. NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER, (hereinafter "Defendants") required and/or permitted CALEB BASTIAN and COREY VAYNES (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them their proper overtime compensation for all hours worked.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See,* 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt worker(s) who have been denied overtime pay

required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendants engage in business and maintain their principal place of business here.

## THE PARTIES

6. Plaintiff CALEB BASTIAN is a resident of Tennessee.

7. Plaintiff COREY VAYENS is a resident of Tennessee.

8. Defendant NOVA VAPORS, LLC is a domestic limited liability company with its principle place of business in the county where this Court is situated.

9. Defendant BUCKLEY JOE PEPPER is a resident of Tennessee.

## COVERAGE

10. Defendant, NOVA VAPORS, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

11. Defendant, NOVA VAPORS, LLC acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

12. Accordingly, Defendant, NOVA VAPORS, LLC is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendant, NOVA VAPORS, LLC has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

14. Defendant, BUCKLEY JOE PEPPER, is a resident of the county where this Court is situated and was, and now is, the managing agent, director and/or owner of Defendant,

NOVA VAPORS, LLC; said Defendant acted and acts directly in the interests of the Defendant, NOVA VAPORS, LLC, in relation to said co-Defendant's employees. Defendant, BUCKLEY JOE PEPPER, effectively dominates NOVA VAPORS, LLC's administrative functions or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others.

15. In furtherance of Defendant's business, Defendant, NOVA VAPORS, LLC's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

16. At all times material hereto, in furtherance of Defendants' operations, Plaintiffs, CALEB BASTIAN AND COREY VAYENS individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, including, but not limited to, phones and equipment that were manufactured in other states.

### FACTUAL ALLEGATIONS

17. Defendants engaged in the business of providing retail electronic cigarette services to its customers.

18. Plaintiff Bastian began working for Defendants on or about December 28, 2014 as a salaried manager and continued employment with Defendants until about November 20, 2016. Despite having the title of manager, Plaintiff did not have independent managerial authority and never received the statutorily required salary of $455.00 per week, thus making Plaintiff non-exempt.

19. Plaintiff Vayens began working for Defendants on or about September 1, 2016 through on or about August 1, 2017 as a salaried manager. Despite having the title of manager, Plaintiff did not have independent managerial authority and never received the statutorily

3

required salary of $455.00 per week, thus making Plaintiff non-exempt.

20. Plaintiffs approximates that they worked an average of 50 to 55 hours per week for Defendants.

21. In justifiable reliance upon Defendants' representations and promises, Plaintiffs accepted employment and began working for Defendants, attending Defendants' customers and performing customer service duties.

22. Defendants have knowingly and willfully refused to tender payment of wages owed to Plaintiffs full well knowing that they were not exempt from overtime.

23. On or about April 24, 2017, Plaintiff Bastian engaged in protected activity and complained to his manager, Bill Hyatt and Jesse Rogers about Defendants' failure to properly pay him for overtime worked. Plaintiff Bastian also attempted to communicate with BUCKLEY JOE PEPPER and sent him a message about the lack of proper payment for overtime hours worked.

24. In response to Plaintiff Bastian's complaints, and in an apparent attempt to avoid their overtime obligations, Defendants, NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER, on or about April 24, 2017, terminated Plaintiff's employment without giving a reason.

25. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

26. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

27. Plaintiffs reaver and reallege paragraphs 1-22 herein.

28. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

29. Defendants' failure to pay overtime compensation to Plaintiffs violates the FLSA.

30. Plaintiffs are not exempt from the right to receive the appropriate overtime pay under the FLSA.

31. As a result of Defendants' failure to compensate its employees, including Plaintiffs, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

32. Accordingly, Plaintiffs are entitled to complete compensation for hours worked.

33. Additionally, Plaintiffs are entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

34. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

35. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

36. Plaintiffs are entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

37. WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (RETALIATION)
## (ALL DEFENDANTS)

38. Plaintiff Bastian reavers and realleges paragraphs 1-18 and 20-26 herein.

39. Plaintiff Bastian complained/objected to Defendants, NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER'S, practices of unlawfully failing to pay his minimum wage and overtime pay

40. In response to Plaintiff Bastian's objections and protestations, Defendants NOVA VAPORS, LLC and BUCKLEY JOE PEPPER retaliated against Plaintiff Bastian and fired him in violation of 29 U.S.C. sections 215(a)(3).

WHEREFORE, Plaintiff CALEB J. BASTIAN demands judgment against all Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate

**PRAYER**

WHEREFORE, Plaintiffs respectfully request judgment be entered against Defendants for the following:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

b. damages accrued up to three years;

c. back and front pay;

d. lost benefits and other remuneration;

e. an equal amount as liquidated damages as allowed under the FLSA;

f. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

g. pre-judgment and post judgment interest at the highest rates allowed by law; and

h. such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

By: /s/ Rachael Rustmann, Esq.
**Rachael Rustmann**
**Attorney-in-charge**
TX Bar No. 24073653
*Pending Admission Pro Hac Vice*
**GOLDBERG & LOREN, PA**
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:   (954) 585-4886
rrustmann@goldbergloren.com
*Attorneys for Plaintiff*

Goldberg & Loren, P.A.
100 South Pine Island Road
Suite 132
Plantation, FL 33324

U.S. District Clerk of Court
110 Franklin St.
Suite 102
Clarksville, TN 37040

US POSTAGE $1.61
FCM LG ENV
32246
Date of sale 12/23/17
06 2S00 SSK
08205368
A95971223133918



USPS® FIRST-CLASS MAIL®

SHIP TO:
CLARKSVILLE TN 37040

ZIP
(420) 37040

0 lb. 4.00 oz.