**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

**NASHVILLE DIVISION**

**CASE NO.: 3:18-cv-37**

CALEB BASTIAN,

              Plaintiff,

vs.

NOVA VAPORS, LLC AND
BUCKLEY JOE PEPPER

              Defendants

_____/

## FIRST AMENDED COMPLAINT
*[Jury Trial Demanded]*

Plaintiff, CALEB BASTIAN, for his Complaint against Defendants, NOVA VAPORS,

LLC and BUCKLEY JOE PEPPER states and alleges the following:

### SUMMARY

1.     NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER, (hereinafter
"Defendants") required and/or permitted CALEB BASTIAN (hereinafter "Plaintiffs") to work
in excess of forty hours per week but refused to compensate him his proper minimum wage and
overtime compensation for all hours worked.

2.     Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA),
which requires employers to compensate non-exempt employees for the minimum wage and
overtime premiums for their regular and overtime work hours.  *See* 29 U.S.C. § 206 and 29
U.S.C. § 207(a).

3.     Plaintiff is a FLSA non-exempt worker(s) who has been denied the minimum
wage and overtime pay required by law, for which he now seeks recovery.

EXHIBIT A

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5.      Venue is proper in this judicial district because Defendants engage in business and maintain their principal place of business here.

## THE PARTIES

6.      Plaintiff CALEB BASTIAN is a resident of Tennessee.

7.      Defendant NOVA VAPORS, LLC is a domestic limited liability company with its principle place of business in the county where this Court is situated.

8.      Defendant BUCKLEY JOE PEPPER is a resident of Tennessee.

## COVERAGE

9.      Defendant, NOVA VAPORS, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

10.     Defendant, NOVA VAPORS, LLC acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

11.     Accordingly, Defendant, NOVA VAPORS, LLC is both a covered "enterprise" and an "employer" under the FLSA.

12.     Defendant, NOVA VAPORS, LLC has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

13.     Defendant, BUCKLEY JOE PEPPER, is a resident of the county where this Court is situated and was, and now is, the managing agent, director and/or owner of Defendant, NOVA VAPORS, LLC; said Defendant acted and acts directly in the interests of the Defendant, NOVA VAPORS, LLC, in relation to said co-Defendant's employees. Defendant, BUCKLEY JOE PEPPER, effectively dominates NOVA VAPORS, LLC's administrative functions or

2

otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others.

14.    In furtherance of Defendant's business, Defendant, NOVA VAPORS, LLC's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

15.    At all times material hereto, in furtherance of Defendants' operations, Plaintiff CALEB BASTIAN individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce, including, but not limited to, phones and equipment that were manufactured in other states.

## FACTUAL ALLEGATIONS

16.    Defendants engaged in the business of providing retail electronic cigarette services to its customers.

17.    Plaintiff Bastian began working for Defendants on or about December 28, 2014 as an hourly compensated employee and was later promoted to a salaried manager and continued employment with Defendants until about November 20, 2016. Despite having the title of manager, Plaintiff did not have independent managerial authority and never received the statutorily required salary of $455.00 per week, thus making Plaintiff non-exempt.

18.    During the initial three to four months of Plaintiff's employment with Defendants he routinely worked 40 hours per week; however, Defendants would only compensate him the minimum wage for 20 hours worked per week.

19.    Plaintiff approximates that he worked an average of 50 to 55 hours per week for Defendants while employed as a salaried manager.

20.    In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants, attending Defendants' customers and

3

performing customer service duties.

21.     Defendants have knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from the minimum wage and overtime compensation.

22.     On or about April 24, 2017, Plaintiff Bastian engaged in protected activity and complained to his manager, Bill Hyatt and Jesse Rogers about Defendants' failure to properly pay him for overtime worked.  Plaintiff Bastian also attempted to communicate with BUCKLEY JOE PEPPER and sent him a message about the lack of proper payment for overtime hours worked.

23.     In response to Plaintiff Bastian's complaints, and in an apparent attempt to avoid their overtime obligations, Defendants, NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER, on or about April 24, 2017, terminated Plaintiff's employment without giving a reason.

24.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

25.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (MINIMUM WAGE)

26.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

27.     At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

28.     Defendant's failure to pay compensation to Plaintiff violates the FLSA.

29.     Plaintiff is not exempt from the right to receive the appropriate minimum

4

wage under the FLSA.

30. As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C).

31. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

32. Additionally, Plaintiff is entitled to an amount equal to unpaid wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

33. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

34. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

35. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

36. Plaintiff reavers and realleges paragraphs 1-25 herein.

37. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

5

38.     Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

39.     Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

40.     As a result of Defendants' failure to compensate its employees, including Plaintiff, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

41.     Accordingly, Plaintiff is entitled to complete compensation for hours worked.

42.     Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

43.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

44.     Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

45.     Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

6

**COUNT III**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**(RETALIATION)**

46.     Plaintiff Bastian reavers and realleges paragraphs 1-17 and 22-25 herein.

47.     Plaintiff Bastian complained/objected to Defendants, NOVA VAPORS, LLC, and BUCKLEY JOE PEPPER'S, practices of unlawfully failing to pay his minimum wage and overtime pay

48.     In response to Plaintiff Bastian's objections and protestations, Defendants NOVA VAPORS, LLC and BUCKLEY JOE PEPPER retaliated against Plaintiff Bastian and fired him in violation of 29 U.S.C. sections 215(a)(3).

WHEREFORE, Plaintiff CALEB J. BASTIAN demands judgment against all Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for the following:

a.   Minimum wage compensation for all unpaid off-the-clock hours worked;

b.   overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

c.   damages accrued up to three years;

d.   back and front pay;

e.   lost benefits and other remuneration;

f.   an equal amount as liquidated damages as allowed under the FLSA;

7

g.  reasonable attorneys' fees, costs, and expenses of this action as provided by the
    FLSA;

h.  pre-judgment and post judgment interest at the highest rates allowed by law; and

i.  such other relief as to which Plaintiffs may be entitled.


Respectfully submitted,

By: /s/ Rachael Rustmann, Esq.
**Rachael Rustmann**
**Attorney-in-charge**
TX Bar No. 24073653
*Pending Admission Pro Hac Vice*
**GOLDBERG & LOREN, PA**
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
rrustmann@goldbergloren.com
*Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on February 15, 2019 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

> Goldberg & Loren, P.A.
> 3102 Maple Ave, Suite 450
> Dallas, Texas 75201
> Phone:      (469) 214-4222
> Facsimile: (954)585-4886
> E-Mail:    rrustmann@goldbergloren.com
>
> */s/ Rachael Rustmann*
> Rachael Rustmann, Esquire
> TX Bar No. 24073653
> *Admitted Pro Hac Vice*

## SERVICE LIST

Mark Olson
Olson & Olson, PLC
112 S. Second Street
Clarksville, TN 37040

9