IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALEB BASTIAN, ) | |
| Plaintiff, ) | |
| vs. ) | |
| NOVA VAPORS, LLC and ) | |
| BUCKLEY JOE PEPPER, ) | |
| Defendants. ) | Docket No.: 3:18-CV-00037 |

## ANSWER TO AMENDED COMPLAINT

Defendants assert Affirmative Defenses and Answer the Amended Complaint as follows.

## AFFIRMATIVE DEFENSES

1. <u>First Affirmative Defense</u>. Nova Vapors, LLC, is the employer with regards to the Plaintiff. It is inappropriate to name personally name Buckley Joe Pepper as a Defendant in this Civil Action as he is not the employer, nor did he specifically supervise the Plaintiff's hours.

2. <u>Second Affirmative Defense</u>. The Complaint of the Plaintiff fails to state a cause of action upon which relief can be granted and as result this Complaint should be dismissed.

3. <u>Third Affirmative Defense</u>. The Plaintiff was employed as hourly employee. The hours were monitored by a Computer sign in system which required the Plaintiff to sign in at the beginning of a shift and at the end of the shift. The Plaintiff was paid for the hours they claimed.

4. <u>Fourth Affirmative Defense</u>. These Defendants are entitled to the

recovery of their attorney's fees made necessary by the filing of this Civil Action.

5. <u>Fifth Affirmative Defense</u>. The Plaintiff comes before the Court with unclean hands as he has intentionally misrepresented his employment with the Defendant Nova Vapors, LLC, and the hours worked, and the manner by which hours were calculated.

6. <u>Sixth Affirmative Defense</u>. The Plaintiff was paid for all hours they claimed to be due as a result of signing in and out of work on the computer hour monitoring system. The Plaintiff logged his own hours which have not changed by the Defendant. This was done by a third party software called "Homebase."

7. <u>Seventh Affirmative Defense</u>. This Defendant submitted a claim to the Federal Department of Labor. The Department rendered a decision. That decision should be res-judicata.

NOW THEREFORE, having asserted Affirmative Defenses, the Defendants do answer the specific paragraphs of the Complaint filed against them as follows

<u>ANSWER TO SPECIFIC ALLEGATIONS OF THE AMENDED COMPLAINT</u>

1 - 3. The allegations of paragraph number 1, 2 and 3, are denied.

4. The allegations of paragraph 4 are admitted and denied. It is admitted that this Court has jurisdiction of the subject matter of this Civil Action, but it is denied that this Court has jurisdiction over the person of Buckley Joe Pepper as he was not the employer. Buckley Joe Pepper was in fact a member of the LLC which is a Defendant in this matter.

5. It is admitted that venue is proper in this judicial district, however, it is denied that this action as to Buckley Joe Pepper is appropriate, for the reasons outlined in

Answer paragraph number 4.

    6 - 7.  Upon information and belief, the allegations made in paragraph numbers 6 and 7 are admitted.

    8 - 9.  The allegations made in paragraphs 8 and 9 are admitted.

    10 - 11.  The allegations made in paragraphs 10 and paragraph 11 are admitted.

    12.  The allegations made in paragraph 12 are denied, and admitted.  The income has fluctuated over the time in business.

    13.  The allegations made in paragraph 13 are admitted and denied.  It is denied that Buckley Joe Pepper is a resident of the County where this Court is situated, it is admitted that Buckley Joe Pepper is and was a member of the Defendant Nova Vapors, LLC. It is admitted that Buckley Joe Pepper directs the interests of Defendant Nova Vapors, LLC with regards to employee matters to the extent that he established a system where the employees track their hours directly.  It is denied that Buckley Joe Pepper effectively dominates Nova Vapor, LLC's administrative functions or otherwise with regards to hourly employees for the reasons set forth herein.

    14 - 15.  The allegations made in paragraphs 14 and 15 are admitted.

    16.  The allegations made in paragraph 16 are admitted.

    17.  The allegations made in paragraph 17 are admitted and denied.  Plaintiff was never a salaried employee and was not a manager.  He was employed.

    18.  The allegations made in paragraph 18 are denied.

**Page 3 of  5**

Case 3:18-cv-00037   Document 51   Filed 04/16/19   Page 3 of 5 PageID #: 213

19. The allegations made in paragraph 19 are denied.

20. The allegations made in paragraph 20 are denied.

21. The allegations made in 21 are denied.

22 - 25. The allegations reflected in paragraphs numbered 22, 23, 24 and 25 are denied.

26. In answer to Paragraph 26, the Defendants adopt the answer provided to Paragraphs 1 - 25.

27. The allegations set forth in Paragraph 27 are admitted. It is denied the Defendants violated any protections offered by the FLSA.

28. The allegations of paragraph 28 are denied.

29 - 35. The allegations made in paragraphs 29 - 35 are denied.

36. In answer to Paragraph 36, the Defendants adopt the answers provided by Paragraphs 26 - 35.

37. The allegations made in Paragraph 37 are admitted.

38 - 45. The allegations made in paragraphs 38 - 45 are denied.

46. Paragraph 46 restates the allegations set forth in paragraphs 1 - 17 and 22 - 25. These Defendants re-adopt their answers set forth in response to those numbered paragraphs as those stated herein verbatim.

47 - 48. The allegations made in paragraph number 47 and 48 are denied.

49. It is denied that Plaintiff Caleb J. Bastian is entitled to the Judgment which is sought in that paragraphs which begins "WHEREFORE," set forth on page seven (7) of the

Complaint.

50. <u>Ad Damnum</u>.  It is denied that the Plaintiffs are entitled to the judgment which is sought in the ad damumn, under that provision identified as "Prayer," specifically, the Plaintiffs are not entitled to any of the relief set forth in paragraphs a, b, c, d, e, f, g, h, and I.

51. <u>General Denial</u>.  Any allegations set forth in the Complaint not admitted, denied, or otherwise explained are hereby denied.

WHEREFORE, having completely answered the Complaint filed against them, the Defendants pray to be dismissed from this Civil Action, with an award of their attorney's fees, Court costs and discretionary costs.

Respectfully submitted,

/s/ Mark R. Olson
MARK R. OLSON, BPR No.: 11630
OLSON & OLSON, PLC
112 South Second Street, Suite 200
Clarksville, Tennessee  37040
Telephone:   (931) 648-1517
Facsimile:    (931)-648-9486
Email:          molson@olsonplc.com
Attorneys for the Defendants Nova Vapors, LLC and Buckley Joe Peppers

### CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of this document was served via the Court email system to Rachael Rustmann, Esq., GOLDBERG & LOREN, PA, 3102 Maple Ave, Suite 450, Dallas, Texas 75201 on the date set forth below:

4/16/2019                                    /s/ Mark R. Olson
DATE                                           MARK R. OLSON